(No. 4976–■■■■■

DONALD EMM AND JOHN VANDA, Claimants, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 25, 1965.*

THOMAS R. FLOOD, Attorney for Claimants.

WILLIAM G. CLARK, Attorney General; EDWARD G. FIN-

NEGAN and EDWARD A. WARMAN, Assistant Attorneys General, for Respondent.

DOVE, J.

Claimants, Donald Emm and John Vanda, filed their complaint in this Court on April 27, 1961. They seek to recover for damages to Emm's car as well as compensation for personal injuries, alleged to have been sustained on April 30, 1960, while driving on State Route No. 17, approximately 17 miles west of Kankakee, Illinois. The amount of damages claimed by Claimant Emm is $3,500.00, and that by Claimant Vanda is $2,500.00.

From the evidence it appears that on April 30, 1960 at 11:00 P.M., claimants collided with a bridge, which was being constructed on Route No. 17, approximately 17 miles west of Kankakee, Illinois. Donald Emm was the owner and driver of the 1955 Pontiac Sedan, and John Vanda was a passenger riding in the right front seat at the time of the accident.

Route No. 17 west of Kankakee was under construction at the time. Detour signs were posted. Numerous signs were posted for the direction and control of westbound traffic from Washington Street in Kankakee to 17 miles west of Kankakee were in place on the date of the accident. All of the signs faced east, were reflectorized, and had their messages in black on yellow backgrounds. Signs at the west

edge of Kankakee at Washington Street indicated that the road was closed to all except local traffic, and the Superintendent of Highways. Emm testified that he had his lights on bright; that he saw signs "17 Closed West Detour"; another, as he approached Lehigh Road, reading "To Illinois 17 Detour 4 Miles"; another, as he approached Warner Bridge Road 10 miles west of Kankakee, which read "17 Closed West Detour Use 45–52 to 115." These signs were all 36" × 36" in size. Emm also testified that he saw another sign at the Warner Bridge Road saying "Barricade Ahead," and beyond that sign another sign saying "Bridge Out," and just beyond that sign another sign saying "Road Closed." All these signs were 36" × 36" reflectorized. At the next road, Goodrich Road, further travel westward on Route No. 17 was blocked by a permanent barricade across the middle of the road, which was equipped with flashing warning lights and a sign "Barricade Ahead." He did not turn off at any of the posted detour signs at Washington Street, Wall Street, Lehigh Road, Warner Bridge Road or Goodrich Road detours.

Of the three bridges, which were out in the construction area, the first was west of the Goodrich Road barricade, and was protected by a permanent barricade with flashing warning lights and a 24" × 24" reflectorized sign on the shoulder which read "Barricade Ahead." Approximately 400 feet further there was a "saw-horse" in the middle of the road upon which hung a 36" × 36" reflectorized sign reading "Bridge Out," and a run-around or by-pass around the bridge, which claimants followed.

As they proceeded along the "rough road" at about 40 to 45 miles per hour, they saw another 24" × 24" reflectorized sign on the shoulder, which read "Barricade Ahead," and 400 feet further down the road a barricade across the road with a 36" × 36" reflectorized sign on it reading "Bridge

Out" and indicating another by-pass around the bridge. Claimants proceeded on this by-pass, and continued west on Route No. 17.

Approximately two miles further, the road became "definitely bumpy and with loose gravel," and they saw another 24″ × 24″ reflectorized sign reading "Barricade Ahead." Claimants saw this, and "began to slow down, because the road was so bad at this point, and he figured there were more detours ahead," and they proceeded west for about 400 feet at about 40 to 45 miles per hour, where they hit a "saw-horse" barricade, which was knocked down, and lying in the road. To this barricade was attached a 24″ × 24″ reflectorized sign reading "Bridge Out." Claimants' right front tire struck the "saw-horse" barricade, and "they immediately ran into building materials and debris, which were piled on the pavement." Emm applied the brakes, and the car slid forward into a 2½ foot high concrete abutment which was the floor of the bridge. The resulting impact totally wrecked the car and caused the injuries complained of.

Emm sustained cracked ribs, contusion above his right eye, lacerations to his left elbow, and was "very badly shaken up." His doctor bill was $12.00 that evening, plus a later doctor and hospital bill of $48.00, and he lost twelve working days.

Vanda's injuries occurred as he was thrown into the windshield at the time of impact. He suffered facial lacerations, which required sixteen stitches, and a chipped tooth. He was never admitted to a hospital. His doctor bill was $20.00, and he lost three weeks of work. He claims a vision loss in his left eye from 20/20 to 15/20, and has 20/20 vision in his right eye.

Two State Highway Engineers testified for respondent, as did the State Trooper who worked the accident. The

engineers testified as to the various road signs and construction warnings. The State Trooper verified that all warning signs were up after the accident, except for the knocked-down "saw-horse" east of the third bridge, which claimants testified they struck.

Claimant Emm testified further that they had each had six or eight small beers during the day, and had eaten supper about 10:15 P.M. in Kankakee, about 45 minutes prior to the accident. In Kankakee they had asked directions from a gas station attendant, as they were not familiar with the roads in the area, and had 60 miles to go to their home. Then, while traveling on Route No. 17 prior to the accident, both Claimants had discussed the fact that they were in a construction area, and questioned whether they had been given correct directions.

It is undisputed that in the 10.2 miles prior to the construction zone there were nine warning signs indicating that the road was closed, and also indicating an alternate route. Prior to entering the actual construction zone, there were 5 roads on which to turn and take an alternate route, and thus avoid the construction zone.

The construction zone itself began behind a permanent-type barricade, which extended across the middle of Route No. 17, and was illuminated by flashing warning lights. Claimants went around the barricade, and traveled approximately 2.8 miles in the construction area, by-passing two "Bridge Out" and warning signs before reaching the scene of the accident at the third bridge.

The evidence is ample that both the driver of the car, Donald Emm, and his passenger, John Vanda, were aware of the prohibition against entering the construction zone prior to the time of their entry, and discussed the fact that the road was closed to traffic; that there were warning signs

all along the road; and that they were definitely going the wrong way.

The contention of claimants is that the State of Illinois was negligent in maintaining this particular portion of Route No. 17, and they allege their freedom from contributory negligence. The evidence fails to establish that claimants were in the exercise of due care. The record and claimants' own testimony prove that the proximate cause of the accident was the negligence of claimants, and that there was no negligence on the part of respondent.

We have previously held that the burden of proof is upon a claimant to show freedom from contributory negligence, and, where he fails to meet such burden, his claim will be denied. (*Paul I. Howell, as Administrator of the Estate of Luella Howell, Deceased,* vs. *State of Illinois,* 23 C.C.R. 141 at 145). A party has no right to knowingly expose himself to danger, and then to recover damages for an injury which he might have avoided by the exercise of reasonable and ordinary care. (*Withey* vs. *Ill. Power Co.,* 1961, 32 Ill. App. 2d 162). Each of the claimants saw, and knew of the existence of the signs. They also knew of the danger of traveling on a closed road with bridges out and that they were going the wrong way. Yet they ignored all of the warnings, and at 11:00 P.M., after spending a day, which included drinking some six to eight beers apiece, they sped down an unfamiliar road, which was under construction, all the while discussing but disregarding numerous signs stating "17 Closed West Detour," "Road Closed," "Barricade Ahead," and "Bridge Out."

The State of Illinois is not an insurer against all accidents upon its highways, but, as we have previously held, it is required only to keep them in a reasonably safe condition for the purpose to which the portion in question is devoted, and the placing of adequate signs warning of the

conditions to be met fulfills the obligation of the State to the users of the highway. (*Grant, Et Al,* vs. *State of Illinois,* 21 C.C.R. 563).

It is evident that claimants have failed to prove their asserted causes of action by a preponderance or greater weight of the evidence.

Awards to claimants, Donald Emm and John Vanda, are hereby denied.